Andrew Rozynski, Esq. (NY# 5054465)
EISENBERG & BAUM, LLP
24 Union Square East, Fourth Floor
New York, NY 10003
212-353-8700 (tel.)
212-353-1708 (fax)
arozynski@eandblaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| RUSSELL KANE<br>　　　Plaintiff,<br><br>　　v.<br><br>BLUEPRINT TEST PREPARATION LLC<br>　　　Defendant. | **Civ. No. 19-3024**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

---

Plaintiff, RUSSELL KANE, by and through his undersigned counsel, EISENBERG & BAUM, LLP, hereby files this Complaint against Defendant, BLUEPRINT TEST PREPARATION LLC alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, RUSSELL KANE, is profoundly deaf and communicates primarily in American Sign Language ("ASL"), which is his expressed, preferred, and most effective means of communication. American Sign Language itself is not directly analogous to the English Language and is more akin to a foreign language.[1] Plaintiff is likewise unable to effectively

---

[1] ASL is a visual, three-dimensional, non-linear language, and its grammar and syntax differ from the grammar and syntax of English and other spoken languages." *U.S. E.E.O.C. v. UPS*

1

communicate by reading lips.[2] Defendant is located in California and runs a nationwide LSAT preparation company which provides various services such as live online classes, in-person classes, pre-recorded online classes, and private tutoring sessions.

2. Defendant both hindered and prevented Plaintiff from benefitting from their services, and discriminated against Plaintiff unlawfully, on the basis of Plaintiff disability of deafness by refusing to provide the ASL interpreters that Plaintiffs required to understand and participate in the LSAT preparation classes and programs. This denial was in spite of Plaintiff's repeated requests for an interpreter.

3. Based on Plaintiff's allegations herein, it is evident that Defendant failed to implement policies, procedures, and practices respecting the civil rights and communication needs of deaf individuals. Plaintiff brings this lawsuit to compel Defendant to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity for deaf individuals to participate in and benefit from Defendant's LSAT prep services.

4. Plaintiff brings this action seeking declaratory, injunctive, and equitable relief; compensatory damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination against Plaintiffs on the basis of their disability in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. and the New York Human

---

*Supply Chain Solutions*, 620 F.3d 1103, 1105 (9th Cir. 2010). "In many cases, there is no one-to-one correspondence between signs in ASL and words in the English language." *Id.*

[2] Lip-reading, or the ability to understand the speech of another by watching the speaker's lips, is an extremely speculative means of communication and is no substitute for direct communication through a qualified sign language interpreter. Only a small number of spoken sounds in aural language are visible, and many of those words appear identical on the lips. Even if a primary ASL user were able to determine the sounds appearing on a speaker's lips, he or she would still not necessarily understand the English language as English and ASL are distinct languages with disparate grammatical structures.

Rights Law ("NYHRL"), Article 15 of the N.Y. Executive Law §§ 290, et seq.

**THE PARTIES**

5. Plaintiff Russell Kane brings this action as an individual residing in Freeport, NY. Plaintiff is a profoundly deaf individual who primarily communicates in American Sign Language. Plaintiff is substantially limited in the major life activities of hearing and speaking and is an individual with a disability within the meaning of federal and state civil rights laws.

6. Defendant Blueprint Test Preparation, LLC is a corporation with a corporate address at 110 S. Fairfax Ave, Suite 250, Los Angeles, California, 90036. Defendant is a public accommodation and is subject to the requirements of Title III of the ADA and the New York Human Rights Law.

**JURISDICTION & VENUE**

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the laws of the United States, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under state and local laws.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant is registered to do business in the State of California and also runs the Website, which provides online video courses. Defendant also hosts an in-person classroom course located in New York, NY, Brooklyn NY; and at various locations throughout Long Island, New York. Venue is proper in the Eastern District of New York because a substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Eastern District of New York. Specifically, Plaintiff attempted to attend the in-person classroom course in Long Island as well as attempted to watch the online videos in Nassau County. Defendant has been and is committing

the acts alleged herein in the Eastern District of New York, and has been and is violating the rights of consumers in the Eastern District of New York.

## STATEMENT OF FACTS

9. Plaintiff is a profoundly deaf individual who communicates primarily in American Sign Language (ASL).

10. Plaintiff first contacted Defendant via the live chat option online to inquire into what services they could provide to him in his LSAT prep course, as well as if they have the ability to caption the live online course.

11. Plaintiff was told by a representative, Aleyda Castro that Defendants would have to look into this issue and get back to him regarding the captioning of the live online class.

12. Defendant followed up the next day to inform Plaintiff that the Defendant could not provide captioning for their live online class.

13. Plaintiff followed up with Laura Lai, the Academic Manager of the Defendant to inquire about accommodations for any of their various services.

14. Throughout several emails Plaintiff requested either captioning for the live online class, or an in person interpreter for their classroom course in Long Island.

15. Defendant refused to provide Plaintiff with an interpreter for any of the options and instead Defendant told Plaintiff to he would have to provide his own interpreters.

16. Mr. Kane then again asked if Defendant would offer real time captioning for the live online lectures in the future, to which he was told that there was no captioning option at the moment.

17. Mr. Kane was informed the best option he had through Defendant's program was private tutoring and to provide his own interpreter for the sessions.

18. Mr. Kane wanted to enroll in a live class so that he may actively participate with the lecturer and his peers and did not have an interest in the private tutoring option.

19. Since Defendant refused to provide Mr. Kane with an interpreter and instead put the burden on Mr. Kane to provide his own interpreter, Mr. Kane was forced to find another LSAT prep course that would accommodate his needs.

20. Mr. Kane sought out Defendant specifically because of their outstanding reputation in the legal community and regards them as the best of the best; however, because he was not provided with accommodations and had to enroll with a different LSAT preparation company, Mr., Kane's LSAT scores suffered and so did his scholarship offers.

## **CLAIM I : VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

21. Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

22. At all times relevant to this action, Title III of the ADA, 42 U.S.C. § 12181, et seq., has been in full force and effect and has applied to Defendant's conduct.

23. Defendant owns, leases, and/or operates a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7) (D).

24. At all times relevant to this action, Plaintiff has been substantially limited in the major life activities of hearing and speaking, and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

25. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

5

12182(a).

26. Title III of the ADA provides that "[i]t shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

27. Title III of the ADA provides that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

28. Title III of the ADA provides that "[i]t shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others." 42 U.S.C. § 12182(b)(1)(A)(iii).

29. Federal regulations implementing Title III of the ADA provide that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1).

30. Title III of the ADA mandates that public accommodations "take such steps as

may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii); see also Cal. Civ. Code § 51.5; Cal Civ. Code § 54.1.

31. Pursuant to Title III of the ADA, Defendant has an affirmative duty to provide accommodations for Mr. Kane so that he may participate in LSAT prep classes as would any other non-disabled participant.

32. The ADA and its promulgating regulations specifically instruct that the type of auxiliary aid or service provided shall be based on the "method of communication used by the individual, the nature, length, and complexity of the communication involve, and the context in which the communication is taking place," rather affordability of the auxiliary aid or service. 28 C.F.R. §36.303(c)(1)(ii).

33. The ADA and its promulgating regulations specifically instruct that it is prohibited to "require an individual with a disability to bring another individual to interpret for him or her." 28 C.F.R. § 36.303(c)(2).

34. Defendant discriminated against Plaintiff, on the basis of her disability, in violation of Title III of the ADA and its implementing regulations.

35. As set out above, injunctive relief is warranted to ensure that Defendant's actions will not recur with Plaintiff and/or additional deaf persons.

36. Plaintiff is therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1), and/or common law.

## CLAIM II : VIOLATIONS OF THE NEW YORK HUMAN RIGHTS LAW

37. Plaintiff repeats and re-alleges all preceding paragraphs in support of this claim.

38. At all times relevant to this action, the New York Human Rights Law, Article 15 of the New York Executive Law § 290, et seq. has been in full force and effect and has applied to Defendants' conduct.

39. At all times relevant to this action, Plaintiff has had substantial impairments to the major life activities of hearing and speaking and has been a qualified individual with a disability within the meaning of New York Executive Law § 292(21).

40. At all times relevant to this action, Defendant's facilities have been places of public accommodation within the meaning of N.Y. Exec. L. § 292(9).

41. Pursuant to N.Y. Exec. L. § 296(2)(a), "[i]t shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of . . . disability . . . or that the patronage or custom thereat of any person of or purporting to . . . having a disability is unwelcome, objectionable or not acceptable, desired or solicited."

42. Pursuant to N.Y. Exec. L. § 296(2)(c), discrimination includes "refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities."

43. As set forth above, Defendant discriminated against Plaintiff, on the basis of his disability, in violation of the NYHRL.

44. The NYHRL extends a cause of action and relief to "any person claiming to be aggrieved" by an unlawful discriminatory practice. N.Y. Exec. L. § 297(9).

45. Plaintiff is therefore entitled to injunctive relief, as well as compensatory damages for the injuries and loss sustained as a result of Defendant's discriminatory conduct as hereinbefore alleged pursuant to N.Y. Exec. L. § 297(9).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully pray that this Court grant the following relief:

46. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; and 42 U.S.C. § 18116; and the New York Human Rights Law.

    a. Issue an injunction forbidding Defendant from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Defendant's facilities, services, or programs;

    b. Issue an injunction ordering Defendant:

        i. to develop, implement, promulgate, and comply with a policy requiring that when a deaf or hard of hearing individual requests an in-person interpreter for effective communication, one will be provided as soon as practicable in all services offered by Defendant;

        ii. to develop, implement, promulgate, and comply with a policy requiring that all

online videos are posted with the ability to watch the videos with closed captioning for effective communication.

    iii. to train all their employees, staffs, and other agents on a regular basis about how to properly how to obtain interpreters when reasonably requested by deaf or hard of hearing individuals;

    iv. to create and maintain a list of sign language interpreters and ensure availability of such interpreters for any in-person class offered;

    v. to train all employees, staff, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq. and the New York Human Rights Law.

c. Award to Plaintiffs:

    i. Compensatory damages pursuant to the New York Human Rights Law;

    ii. Reasonable costs and attorneys' fees pursuant to the ADA

    iii. Interest on all amounts at the highest rates and from the earliest dates allowed by law;

    iv. Any and all other relief that this Court finds necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Dated: May 21, 2019

                Respectfully submitted,

                By:

                _____
                Andrew Rozynski, Esq. (NY# 5054465)
                arozynski@eandblaw.com
                EISENBERG & BAUM, LLP
                24 Union Square East, Fourth Floor
                New York, NY 10003
                212-353-8700 (tel.)
                212-353-1708 (fax)
                *Attorneys for Plaintiff*