**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
RUSSELL KANE,

                                        Plaintiff,

                                                                    **REPORT AND**
            - against -                                             **RECOMMENDATION**

BLUEPRINT TEST PREPARATION LLC,                     CV 19-3024 (SJF) (AKT)

                                        Defendant.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.      PRELIMINARY STATEMENT

        Plaintiff Russell Kane ("Plaintiff") brings this discrimination action against Defendant

Blueprint Test Preparation LLC ("Defendant" or "Blueprint") based on violations of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* and the New York Human

Rights Law ("NYHRL").  *See generally* Complaint ("Compl.") [DE 1].  Plaintiff is deaf and

communicates through American Sign Language ("ASL").  He contends that the Defendant, a

Law School Admission Test ("LSAT") preparation course provider, discriminated against him

by refusing to provide an ASL interpreter or closed captioning to enable him to utilize the

Defendant's online or in-person LSAT courses.  *See generally id.*  Defendant moves to dismiss

the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject

matter jurisdiction as to Plaintiff's claims for injunctive relief and pursuant to Rule 12(c) for

judgment on the pleadings as to Plaintiff's remaining claims.  *See generally* Defendant's

Memorandum of Law in Support of Motion to Dismiss ("Def.'s Mem.") [DE 19].  Plaintiff

opposes the motion.  *See generally* Plaintiff's Memorandum of Law in Opposition to

Defendant's Motion to Dismiss ("Pl.'s Opp'n") [DE 20].

Judge Feuerstein referred Defendant's motion to this Court for a Report and Recommendation as to whether the motion should be granted. *See* November 12, 2019 Electronic Order. For the reasons which follow, this Court respectfully recommends to Judge Feuerstein that Defendant's motion to dismiss be GRANTED.

## II.    BACKGROUND

### A.    Factual Background

The following factual allegations have been taken from the Complaint. All facts alleged by Plaintiff are assumed to be true for purposes of deciding the motion to dismiss and are construed in a light most favorable to Plaintiff as the non-moving party. *See, e.g.*, *Tanvir v. Tanzin*, 894 F.3d 449, 458 (2d Cir. 2018); *LaFaro v. N.Y. Cardiothoracic Grp.*, 570 F.3d 471, 475 (2d Cir. 2009); *McGrath v. Bayer HealthCare Pharms. Inc.*, 393 F. Supp. 3d 161, 166 (E.D.N.Y. 2019); *Matthews v. City of N.Y.*, 889 F. Supp. 2d 418, 425 (E.D.N.Y. 2012).

Plaintiff is a New York resident. Compl. ¶ 5. He is profoundly deaf, communicates primarily through ASL, and is unable to effectively communicate by reading lips. *Id.* ¶¶ 1, 9. Defendant is a California-based corporation that operates a nationwide LSAT preparation company which provides live online classes, in-person classes, pre-recorded online classes, and private tutoring sessions. *Id.* ¶¶ 1, 6, 8. Defendant has locations for its in-person classes in New York, NY, Brooklyn, NY and throughout Long Island. *Id.* ¶ 8.

Unfortunately, the Complaint does not specify the dates when the following events giving rise to this action occurred. Plaintiff first contacted Defendant utilizing a "live chat option online" to ask what services Defendant could provide him in his LSAT course and if the company had the ability to close caption the live online course. *Id.* ¶ 10. Defendant's representative, Aleyda Castro, advised Plaintiff that Blueprint would look into this issue and

2

follow up with him. *Id.* ¶ 11. The next day, Blueprint contacted Plaintiff to inform him that it could not provide captioning for the live online class. *Id.* ¶ 12. Plaintiff then contacted the Academic Manager of Blueprint, Laura Lai, to inquire about accommodations for their services. *Id.* ¶ 13. In several emails, Plaintiff requested either captioning for the live online class or an in-person interpreter for Blueprint's course on Long Island. *Id.* ¶ 14. Defendant refused to provide Plaintiff with an interpreter and told him he would need to obtain one on his own. *Id.* ¶ 15. Plaintiff again asked Defendant about captioning for online lectures in the future and was told there was no captioning option presently. *Id.* ¶ 16. He was informed that his best option through Defendant's program was private tutoring and hiring an interpreter for the sessions. *Id.* ¶ 17. Plaintiff did not want to utilize Defendant's online course because he wanted to enroll in a live class to actively participate with his peers and the lecturer. *Id.* ¶ 18. Plaintiff was then forced to find another LSAT course to accommodate his needs, and, as a result, he asserts that his LSAT scores and scholarship offers suffered. *Id.* ¶¶ 19-20.

## B.    Procedural Background

Plaintiff commenced this action on May 21, 2019. *See generally* Compl. The Complaint asserted two causes of action stemming from violations of the ADA and NYHRL based on Defendant's alleged failure to provide Plaintiff with an accommodation to participate in its LSAT preparation classes. *Id.* ¶¶ 21-45. Plaintiff seeks a declaratory judgment that Defendant violated the ADA and NYHRL, as well as the following injunctive relief: (1) "an injunction forbidding Defendant from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Defendant's facilities, services, or programs;" and (2) an injunction ordering Defendant to (a) develop and implement a policy to provide in-person interpreters when

3

a deaf or hard of hearing individual requests one, (b) post online videos with the ability to watch them with closed captioning, (c) train employees about obtaining interpreters when reasonably requested, (d) create and maintain a list of sign language interpreters and ensure their availability for in-person classes, and (e) train employees, staff, and other agents about the rights of deaf and hard of hearing individuals under the ADA.  *Id.* ¶ 46(b).  In addition, Plaintiff seeks compensatory damages pursuant to the NYHRL, attorney's fees and costs under the ADA, and interest.  *Id.* ¶ 46(c).

After obtaining two extensions of time to respond to the Complaint, *see* June 18, 2019 and July 17, 2019 Electronic Orders, Defendant filed its Answer on August 17, 2019.  Answer [DE 9].  Defendant largely admitted the allegations in the Complaint which pertained to Plaintiff's communications with Defendant and its employees.  *See id.* ¶¶ 10-16.  Defendant also raised 12 affirmative defenses, including:  failure to state a claim; lack of standing because Plaintiff cannot show an injury in fact nor likelihood of future injury; the accommodations sought by Plaintiff are not readily achievable or required; Defendant's services are available through alternative methods; and the relief sought by Plaintiff would be an undue burden.  *See id.* at 3-4.[1]  Judge Feuerstein held an Initial Conference on September 26, 2019 and set a briefing schedule for Defendant's instant motion.  DE 16.

### C.    The Parties' Positions

#### 1.    *Defendant's Motion*

Blueprint seeks dismissal of the Complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(c) for judgment on the pleadings.   First, Defendant

---

[1]    The paragraphs in which the affirmative defenses are raised are not numbered; therefore, this citation refers to the page numbers in the Answer on which the affirmative defenses appear.

contends that the Court lacks subject matter jurisdiction over Plaintiff's claims for injunctive

relief under the ADA and NYHRL because those claims have been mooted and Plaintiff

consequently lacks standing.  Def.'s Mem. at 6-11.  Defendant states that its live online format is

new, has only been offered since November 2018, and is the least popular among its students.

*Id.* at 6-7; Declaration of Lauren March, Blueprint Test Preparation LLC Director of Operations

("March Decl.") [DE 18-1] at ¶¶ 3-4.  Further, Plaintiff was the first student to request closed

captioning or any other type of accommodation for the live online format.  Def.'s Mem. at 7;

March Decl. ¶ 5.  Defendant also notes that Plaintiff was previously enrolled in an on-demand

course called "The Movie 2.0" which provided closed captioning.  Def.'s Mem. at 7 (citing

March Decl. ¶ 6).  At the time of Plaintiff's request, Defendant did not have the capacity to

provide closed captioning for the live online class but offered Plaintiff "a reasonable alternative

of taking the course at a substantially discounted rate if he wished to obtain an ASL interpreter or

a 30% discount if he wished to enroll in private tutoring sessions."  *Id.* (citing Marsh Decl. ¶¶ 7-

8).  Plaintiff rejected both options.  *Id.*

However, Blueprint asserts that it has taken proactive measures to ensure its new live

online format is accessible to all potential students and has revised its employee handbook, a

section of which is attached as Exhibit B to its Notice of Motion.  *Id.* (citing Marsh Decl. ¶ 9);

Blueprint Test Preparation Employee Handbook ("Employee Handbook") [DE 18-3].  The

Employee Handbook has a section titled "Accommodations for Students" which states as

follows:

> Blueprint Test Preparation is committed to the full inclusion of all
> students in its prep courses, materials, and resources.  As part of this
> commitment, the Company will ensure that any students with
> disabilities are provided reasonable accommodations when
> requested by the student, unless such accommodations would cause
> an undue hardship.  In addition to offering closed captioning as part

of our online courses, the following accommodations can be provided upon request by students:

- Live captioning for students enrolled in our live online courses
- ASL interpreters for students enrolled in our in-person courses
- Large-print text books for any enrolled student
- Transfer of lesson PDF's and other materials to students for use in text-to-speech software for any enrolled student.

If a student does request any of the above accommodations, please pass along the request, along with the student's name and contact information, to our Director of Operations and ADA Coordinator, Lauren March (lauren.march@blueprintprep.com).

Def.'s Mem. at 7-8 (quoting Employee Handbook at 9). Blueprint has hired On Point Captioning to provide closed captioning for its live online class, has designated its Director of Operations Lauren March as an ADA Coordinator, and has conducted comprehensive ADA training with its customer service representatives. *Id.* at 8 (citing March Decl. ¶¶ 10-15). As of August 2019, hearing impaired students had three different closed captioning options available to them for Defendant's live online course. *Id.* at 8 (citing March Decl. ¶ 12). Moreover, Defendant points out that Plaintiff's counsel stated on the record before Judge Feuerstein during the Initial Conference on September 26, 2019 that Plaintiff took the LSAT and was accepted into law school. *Id.* at 10. Based on these remediations and Plaintiff's acceptance into law school, it is Defendant's position that Blueprint's alleged discriminatory policies have been cured, there is no reasonable probability that the conduct Plaintiff complains of will occur in the future, there is no probability that Plaintiff will suffer future harm, and Plaintiff will not require Blueprint's services in the future. *Id.* at 9-10. As such, Defendant argues that Plaintiff's claims are moot and that he lacks standing. *Id.* at 10.

Turning to the portion of Defendant's motion which seeks dismissal under Rule 12(c), as to Plaintiff's ADA claim, Defendant does not dispute that Plaintiff is "disabled" pursuant to the ADA. *Id.* at 13. However, Defendant argues that "in no way" did it deny Plaintiff a "full and

equal opportunity" to participate in its programs and that Defendant attempted to provide Plaintiff with an accommodation, which he refused. *Id.* at 13-14. With respect to Plaintiff's NYHRL claim, Defendant maintains that Plaintiff fails to allege any pecuniary losses or emotional injuries resulting from Blueprint's alleged discriminatory conduct. *Id.* at 15. The damages which Plaintiff pleads -- that his LSAT score and scholarship offers suffered -- are unduly speculative and indefinite according to Defendant. *Id.* Defendant argues that Plaintiff presented no facts, data, or support for his theory that his LSAT score or scholarship offers would have increased if he was provided with the accommodation he requested for the live online class. *Id.* Defendant also requests that the Court deny any attempt by Plaintiff to expand this claim to encompass loss of future career opportunities. *Id.*

### 2.    *Plaintiff's Opposition*

At the outset, Plaintiff claims he is entitled to discovery as to the facts in the March Declaration upon which Defendant's motion relies. Pl.'s Opp'n at 1-2. More specifically, Plaintiff wants to serve interrogatories, document demands and requests for admission, and to depose Ms. March to "sufficiently demonstrate to this Court that the Defendant cured all deficiencies" in their policies, training, and handling of accommodations for deaf patrons in the future. *Id.* at 2. The discovery Plaintiff seeks is also set forth in a declaration submitted by Plaintiff's counsel, Andrew Rozynski, attached as Exhibit "A" to Plaintiff's opposition. *See* Declaration of Andrew Rozynski ("Rozynski Decl.") [DE 20-1]. Next, Plaintiff submits that his claims are not moot based on his having taken the LSAT and his acceptance to law school. Pl.'s Opp'n at 2-3. Plaintiff "is not satisfied with his LSAT score and subsequent scholarship offers and wishes to improve upon this score in hopes of obtaining better offers." *Id.* at 2. Plaintiff's counsel has submitted an affidavit from the Plaintiff himself to corroborate this statement.

Affidavit of Russell Kane ("Kane Aff.") [DE 20-3] at ¶¶ 3-4.  Plaintiff still wants to take a Blueprint course since it is "held in high regard in the legal community."  *Id.* ¶ 6.

If the Court finds that Defendant has remedied all of the alleged discriminatory circumstances and that Plaintiff is not entitled to discovery, Plaintiff submits that the Court should nonetheless still allow Plaintiff to seek declaratory relief.  Pl.'s Opp'n at 3.  Plaintiff argues that a declaratory judgment "will serve a useful purpose in its precedential value by sending the message that online classes, as Title III entities, must comply with their obligations under the law to provide reasonable accommodations in the form of captioning . . . online videos and in-person interpreters for in-person classes."  *Id.* at 3-4.  Plaintiff goes on to contend that case law is unsettled "as to the duties of a public entity to provide captioning for online videos" and a declaratory judgment will "settle the controversy between the parties about what accommodations were reasonable and necessary for a deaf plaintiff wanting to take courses."  *Id.* at 4.

Plaintiff concedes that he took Defendant's on-demand LSAT course which was captioned, but argues that this fact has no bearing on the discrimination he subsequently experienced when attempting to take Defendant's other courses.  *Id.*  He reiterates his desire to enroll in an in-person course and contends that Defendant's suggestion that Plaintiff hire a private tutor does not accommodate that wish.  *Id.* at 5.  Although Defendant claims to have offered Plaintiff accommodations, Plaintiff argues that Defendant's telling him to hire his own interpreter violated 28 C.F.R. § 36.303, which provides that "[a] public accommodation shall not require an individual with a disability to bring another individual to interpret for him or her."  *Id.* at 5-6.

8

Next, Plaintiff argues that he sufficiently pled damages for his NYHRL claim. *Id.* at 7. According to Plaintiff, he is entitled to compensatory damages for emotional distress he suffered as a result of being discriminated against. *Id.* Plaintiff submits that Defendants were on notice that he was seeking emotional distress damages in paragraphs 2, 3, 4, 45, and 46(c)(i) and (ii) of the Complaint because "emotional distress damages are a foreseeable result of individuals who were subjected to disability discrimination." *Id.* If the Court finds in Defendant's favor, Plaintiff asks for leave to amend the Complaint to elaborate on his claim for emotional distress damages. *Id.* at 8-9. Plaintiff included a proposed Amended Complaint as an exhibit to his opposition. Proposed Amended Complaint ("Proposed FAC") [DE 20-4].

### 3.     *Defendant's Reply*

Defendant argues that Plaintiff should not be provided with an opportunity to conduct "limited discovery." Def.'s Reply at 2. First, Defendant asserts that the "limited discovery" Plaintiff seeks is not actually "limited" because "he is seeking to exhaust all forms of discovery he would be entitled [to] if this case were to be aggressively litigated." *Id.* Defendant also notes that permitting this case to proceed to discovery after it has become moot would frustrate the purpose of the mootness doctrine. *Id.* According to the Defendant, it has already submitted relevant evidence in support of its motion demonstrating that it remediated any alleged discriminatory effect of its policies. *Id.* at 2-3. That evidence, Defendant maintains, consists of: (1) a sworn declaration by Lauren March attesting to Defendant's promulgation and implementation of a revised ADA complaint policy, its engagement with an ASL translation company, and the training session it has conducted for its staff pursuant to its amended policies; (2) its contracts with On Point Captioning; and (3) a copy of the presentation it used to train its customer service representatives and academic management team members. *Id.* at 2-3; March

Decl. ¶¶ 9-17; Independent Contractor Agreements ("On Point Captioning Contracts") [DE 18-4]; Blueprint Accommodations for Students PowerPoint ("Blueprint ADA PowerPoint") [DE 18-5].

Defendant then addresses Plaintiff's argument that his claim is not moot because he deferred his acceptance to law school. *Id.* at 4. The mootness argument is not solely based on the fact that Plaintiff was accepted to law school according to the Defendant, but also on the fact that Blueprint has implemented various initiatives to rectify the alleged violations and to make its services readily accessible to hearing impaired individuals. *Id.* Thus, Defendant argues that Plaintiff has failed to show that his claims are not moot nor that he will be subject to discrimination if he enrolls in one of Blueprint's courses going forward. *Id.* As to Plaintiff's claim for declaratory relief, pursuant to 28 U.S.C. § 2201(a) -- which establishes a federal court's ability to issue a declaratory judgment -- Defendant contends that declaratory relief cannot be granted in a case where there is "no live case or controversy to be adjudicated" because Plaintiff's claims are moot. *Id.* at 4-5.

With respect to Plaintiff's claim for compensatory damages due to emotional distress, Defendant points out that aside from Plaintiff's blanket assertion that he is entitled to compensatory damages in paragraphs 45 and 46(c)(i) of the Complaint, there is "no mention of . . . emotional distress *whatsoever*." *Id.* at 7 (emphasis in original). Defendant contends Plaintiff's argument that Defendant was on notice of these emotional damages is baseless and that Plaintiff's conclusory allegations should not survive. *Id.* Finally, Defendant maintains that the amendments in Plaintiff's proposed FAC are futile because his claims are moot and cannot be revived. *Id.* at 8-9. Although Defendant notes that Plaintiff added "additional recitations with

respect to his claim for compensatory damages" in the proposed FAC, Defendant does not elaborate as to whether there are any other significant changes. *See id.*

## III.    STANDARD OF REVIEW

### A.    Subject Matter Jurisdiction

Where, as here, Defendant has moved to dismiss the Complaint based on Rule 12(b)(1) as well as other grounds, "the [C]ourt should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (quoting 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1350, p. 548 (1969)); *Thompson v. Ocwen Fin. Corp.*, No. 3:16-cv-01606, 2018 WL 513720, at *2 (D. Conn. Jan. 23, 2018) (explaining that it is well established that "federal courts should ordinarily resolve any doubts about the existence of federal subject matter jurisdiction prior to considering the merits of a complaint" (citing *Rhulen*, 896 F. 2d at 678)); *Calverton Hills Homeowners Assn., Inc. v. Nugent Bldg. Corp*., 2:17-CV-03916, 2017 WL 6598520, at *4 (E.D.N.Y. Dec. 26, 2017) (same).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)).  While the standard of review for a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim are inherently similar, *Davis v. JP Morgan Chase Bank*, No. 14-CV-6263, 2016 WL 1267800, at *3 (S.D.N.Y. Mar. 30, 2016), unlike the resolution of a Rule 12(b)(6) motion, a court resolving a Rule 12(b)(1) motion to dismiss may refer to evidence outside the pleadings. *Makarova*, 201 F.3d at 113 (citing *Kamen*

*v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986)).  Moreover, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996)); *Parker-Leon v. Middle Vill. Preparatory Charter Sch.*, No. 17-CV-4548, 2019 WL 2394211, at *2 (E.D.N.Y. June 6, 2019) (explaining that "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it") (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); *Sobel v. Prudenti*, 25 F. Supp. 3d 340, 352 (E.D.N.Y. 2014) ("In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.").

### B.    General Standing Requirements

"Whether a claimant has standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Licensing by Paolo, Inc. v. Sinatra* (*In re Gucci* ), 126 F.3d 380, 387-88 (2d Cir. 1997) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)); *see In re Indu Craft, Inc.*, 630 Fed. App'x 27, 29 (2d Cir. 2015); *Sefie v. U.S. Dep't of Health & Human Servs.*, 440 F. Supp. 3d 254, 271-72 (S.D.N.Y. 2020); *Salem v.* Pompeo, 432 F. Supp. 3d 222, 230 (E.D.N.Y. 2020).  Article III, Section 2 of the United States Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies."  U.S. CONST. art. III, § 2.  As the Supreme Court has stated, "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing *Allen v. Wright,* 468 U.S. 737, 751 (1984)).  Over the years, federal jurisprudence has

established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.  Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560-61 (internal quotations and citations omitted); *Pac. Capital Bank, N.A. v. Connecticut,* 542 F.3d 341, 350 (2d Cir. 2008); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 915 F. Supp. 2d 574, 589 (S.D.N.Y. 2013).  These three elements – (1) injury in fact, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressable by the court – are not mere pleading requirements, but rather jurisdictional prerequisites, and, as a result, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

### C.  Mootness

"Standing and mootness are interrelated concepts, but are not to be confused.  Standing relates to whether a litigant has a personal stake at the commencement of an action, while mootness ensures that the litigant's interest exists 'throughout the life of the lawsuit.'" *Samele v. Zucker*, 324 F. Supp. 3d 313, 327 (E.D.N.Y. 2018) (quoting *Comer v. Cisneros*, 37 F. 3d 775, 797-98 (2d Cir. 2994)).  "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (internal quotation

marks omitted)).  "Mootness results 'when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur.'"  *Scheiner v. ACT Inc.*, No. 10-CV-0096, 2013 WL 685445, at *2 (E.D.N.Y. Feb. 24, 2013) (quoting *Irish Lesbian and Gay Organization v. Guiliani*, 143 F.3d 638, 647 (2d Cir.1998)).

Generally, "voluntary cessation of a challenged practice rarely moots a federal case." *Rivers v. Doar*, 638 F. Supp. 2d 333, 337 (E.D.N.Y. 2009) (quoting *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001)).  "Courts may find mootness even in cases of voluntary cessation, but '[t]he burden [of showing that the improper behavior will not recur] is a heavy one.'"  *Id.* (alteration in original) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)).  Under Second Circuit case law, "[t]he voluntary cessation of allegedly illegal conduct usually will render a case moot 'if the defendant can demonstrate that . . . there is no reasonable expectation that the alleged violation will recur.'"  *Lamar Advertising of Penn, LLC v. Town of Orchard Park,* 356 F.3d 365, 375 (2d Cir. 2004) (quoting *Granite State Outdoor Advertising, Inc. v. Town of Orange,* 303 F.3d 450, 451 (2d Cir. 2002)).

Courts have recognized an exception to the mootness doctrine where the wrongs are "capable of repetition, yet evading review."  *Credico v. N.Y. State Bd. of Elections*, No. 10 CV 4555(RJD)(CLP), 2013 WL 3990784, at *11 (E.D.N.Y. Aug. 5, 2013) (citing *Members for a Better Union v. Bevona*, 152 F.3d 58, 61 (2d Cir. 1998)).  This exception applies when (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation or a demonstrated probability that the controversy will recur. *United States v. Quattrone*, 402 F.3d 304, 309 (2d Cir. 2005) (citing *Press–Enterprise Co. v. Superior Court of Cal. for Riverside Cnty.*, 478 U.S. 1, 6 (1986)).  "The heavy burden of

persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Friends of the Earth. Inc. v. Laidlaw Envtl. Servs. (TOO), Inc.*, 528 U.S. 167, 189 (2000).

## IV.    DISCUSSION

### A.    Plaintiff's ADA Claim

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(b)(2)(A)(iv).  It is well established that Title III of the ADA allows only for injunctive relief, not monetary damages. *Brief v. Albert Einstein College of Medicine*, 423 Fed. App'x 88, 90 (2d Cir.2011) (citing *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86 (2d Cir. 2004)).  "Therefore, under certain circumstances, a claim under the ADA can become moot if a defendant remedies the access barrier during the pendency of the litigation."  *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015) (citing *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011)).

The crux of Defendant's motion to dismiss and the first argument raised is that Blueprint has taken proactive measures to cure its alleged discriminatory policies, thus rendering Plaintiff's claims for injunctive relief moot.  As a result of Blueprint's adopting ADA complaint policies, Defendant submits that Plaintiff has also been stripped of standing.  In support of its mootness argument, Defendant has proffered the Declaration of Lauren March, along with its revised Employee Handbook, contractual agreements with a real-time captioning service provider, and information pertaining to employee training for ADA accommodation requests.  March declares under penalty of perjury that "Blueprint has taken proactive measures to ensure that the live

online format is accessible to all potential students, including revising its Employee Manual."

March Decl. ¶¶ 2, 9.  All three of Blueprint's course formats – in-person instruction, online

anytime, and live online – offer ASL interpreters and closed captioning for deaf students

according to March.  *Id.* ¶ 13.  She adds that there are three different closed captioning options

for the live online course.  *Id.* ¶ 12.  Defendant also designated March as its "ADA Coordinator"

and she is "responsible for coordinating accommodations with qualified students and

streamlining the accommodation request process."  *Id.* ¶ 14.  March points out revisions

Defendant made to its employee handbook which now sets forth the types of accommodations

Defendant can provide as well as the process employees should take when a student requests an

accommodation.  *Id.* ¶ 9; Employee Handbook [DE 18-3] at 9.[2]  This process entails forwarding

the student's request and contact information to March directly.  Employee Handbook at 9.

March also states that Blueprint has conducted comprehensive training for its customer service

representatives to ensure they comply with the ADA and Blueprint's revised policies.  March

Decl. ¶ 15.  Defendant has provided an October 14, 2019 email March sent to a group of "student

advisors" which scheduled a training session for October 17, 2019 pertaining to the handling of

ADA accommodation requests, *i.e.*, the types of services Blueprint offers, how to handle the

requests, and how to follow up with the student and internally within the "Operations

department."  October 14, 2019 Lauren March Email [DE 18-5].  Defendant also submitted the

PowerPoint presentation utilized during this training session.  March explains that this

presentation will be used for future new hire trainings as well.  March Decl. ¶ 18; Blueprint

Accommodations for Students PowerPoint [DE 18-5].  Moreover, March states that another

---

[2]     The Court recited the relevant provision from the Employee Handbook above.
*See supra* at 6.

training session was scheduled for October 23, 2019 for Blueprint's academic management team. March Decl. ¶ 17. Her email scheduling this session was also provided. October 16, 2019 Lauren March Email [DE 22-1].

Based upon Defendant's submissions, which the Court is permitted to review when analyzing a motion to dismiss pursuant to Rule 12(b)(1), *Makarova*, 201 F.3d at 113, the Court finds that Plaintiff's claims for injunctive relief are, in fact, moot. Defendant has contracted with a company that provides closed captioning for its various course offerings. Blueprint has also revised its Employee Handbook to include four types of accommodations which can be offered to students with disabilities. These accommodations include captioning for live online courses and ASL interpreters for students enrolled in in-person courses. The company has developed a presentation which it has already used, and will continue to use, during training sessions to educate employees about Blueprint's ADA obligations and updated policies. Finally, Blueprint has designated March as the point of contact to assist qualified students in obtaining accommodations. *See Bacon*, 91 F. Supp. 3d at 451-53. Significantly, Plaintiff does not advance an argument as to whether the remedial measures undertaken by Defendant are insufficient to render his claim moot nor does Plaintiff identify any continued barriers to accessing Defendant's services. Rather, Plaintiff requests that he be permitted to obtain "limited discovery" pursuant to Rule 56(f) to demonstrate that Defendant implemented these new policies, conducted training, and will accommodate deaf students in the future. Pl.'s Opp'n at 1-2. Plaintiff seeks to serve interrogatories, requests for document production and requests for admission, and to conduct a deposition of Lauren March. *Id.* at 2.

Plaintiff cites the former Rule 56(f) which was recodified as Rule 56(d). Rule 56(d) provides, at the summary judgment stage, that if a non-movant "shows by affidavit or declaration

that, for specified reasons, it cannot present facts essential to justify its opposition, the court

may . . . allow  time to obtain affidavits or declarations or to take discovery."  Fed. R. Civ. P.

56(d)(2).  However, "in resolving claims that they lack jurisdiction, courts have acted in a

fashion suggestive of [56(d)]:  they have required that the party asserting jurisdiction be

permitted discovery of facts demonstrating jurisdiction, at least where the facts are peculiarly

within the knowledge of the opposing party."  *Kamen v. Am. Tel. & Tel.*, 791 F. 2d 1006, 1011

(2d Cir. 1986); *see also Anina v. United States*, CV 16-3542, 2018 WL 388848, at *4 (E.D.N.Y.

Jan. 12, 2018) ("[T]he Second Circuit has noted that in deciding a Rule 12(b)(1) motion, 'a court

may nonetheless look to Rule [56(d)] for guidance in considering the need for discovery on

jurisdictional facts.'" (quoting *Gualandi v. Adams*, 385 F. 3d 236, 244 (2d Cir. 2004))).

Here, the Court does not find the discovery sought by Plaintiff to be necessary.  "A

plaintiff is not entitled to jurisdictional discovery 'if it cannot show that the requested discovery

is likely to produce the facts needed to withstand a Rule 12(b)(1) motion.'"  *Safanova v. United*

*States*, 15-CV-5580, 2017 WL 1030708, at *3 (E.D.N.Y. Mar. 15, 2017) (quoting *Molchatsky v.*

*United States*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011)).  Defendant has submitted a sworn

declaration by Lauren March, its revised ADA compliant policy, contractual agreements with a

closed caption company, and evidence that it conducted at least one ADA training session with

its employees.  Plaintiff does not dispute that these facts proffered by Defendant are insufficient

to render his claims moot, nor does Plaintiff suggest there are any facts that would be revealed in

discovery to demonstrate that his claims are not moot in order to survive dismissal under Rule

12(b)(1).  Rather, Plaintiff seeks to confirm the facts already in the record which essentially

amount to a claim that the evidence presented by Defendant is either false or inaccurate--grounds

which are insufficient to warrant jurisdictional discovery.  *See id.* at *4 ("[Plaintiff] has not

offered any basis for jurisdictional discovery . . . other than mere speculation that the evidence submitted by defendants is false or inaccurate."). For these reasons, Plaintiff has failed to demonstrate that jurisdictional discovery is likely to produce any factual evidence that could withstand Defendant's Rule 12(b)(1) motion. Consequently, discovery is not necessary to decide the jurisdictional issue currently before the Court. The Court recommends Defendant's motion to dismiss Plaintiff's ADA claim for injunctive relief be GRANTED because this claim is now moot.

As a result, to the extent Plaintiff seeks a declaration that Defendant violated the ADA, the Court recommends dismissal of this claim as well. Although "the Second Circuit has recognized 'certain circumstances [where] it may be possible for a claim for declaratory relief to survive, notwithstanding the mootness of a companion claim for an injunction," such a situation is not present here. *Marshall v. New York State Pub. High Sch. Athletic Ass'n, Inc.*, 374 F. Supp. 3d 276, 285 (W.D.N.Y. 2019). "Issuing a declaratory judgment in an otherwise moot case is only appropriate when the 'behavior complained of is of such a nature that it might predictably be repeated again,' in which case 'a prior declaratory judgment may serve the useful purpose of facilitating an injunction at a future date.'" *62-64 Kenyon St. Hartford, LLC v. City of Hartford*, No. 3:16-CV-00617, 2017 WL 20911, at *4 (D. Conn. Jan. 2, 2017) (quoting *Browning Debenture Holders' Comm. v. Dasa Corp.*, 524 F.2d 811, 816 (2d Cir. 1975)). Plaintiff proffers two bases for a declaratory judgment here: (1) a declaration "will serve a useful purpose in its precedential value by sending the message that online classes . . . must . . provide reasonable accommodations in the form of captioning for online videos and in-person interpreters for in-person classes; and (2) such a judgment would settle the law in the Second Circuit as to the duty of a public entity to provide captioning for online videos. Pl.'s Opp'n at 3-4. Neither of these

19

grounds suggests that Plaintiff would be subject to Defendant's challenged actions in the future and therefore are insufficient to warrant declaratory relief as to his ADA claim.

### B.    Plaintiff's State Law Claims

"[W]hen a district court correctly dismisses all federal claims for lack of subject-matter jurisdiction[,] . . . the district court is thereby precluded from exercising supplemental jurisdiction over related state-law claims." *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017); *see Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("We have already found that the district court lacks subject matter jurisdiction over appellants' federal claims.  It would thus be clearly inappropriate for the district court to retain jurisdiction over the state law claims when there is no basis for supplemental jurisdiction.").  Because the Court lacks jurisdiction over Plaintiff's federal ADA claims, here, the Court cannot exercise supplemental jurisdiction over Plaintiff's non-federal claims under the NYHRL.  The Court therefore recommends dismissal of these claims as well.[3]  *See Flint v. Atlantic Networks, LLC*, 18-CV-5534, 2020 WL 2393803, at *2 (E.D.N.Y. Feb. 28, 2020) (declining to exercise supplemental jurisdiction over state law claims after dismissing ADA claims for lack of subject matter jurisdiction).  Thus, the Court need not consider the merits of Defendant's motion which seeks dismissal or judgment on the pleadings as to Plaintiff's NYHRL claims for injunctive relief, declaratory relief, and monetary damages.

---

[3]    The Court notes that Plaintiff does not invoke the Court's diversity jurisdiction in the Complaint. *See* Compl. ¶ 7 ("This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the laws of the United States, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under state and local laws.").

### C.    Leave to Amend

Notwithstanding the foregoing findings, Defendant sought dismissal of Plaintiff's claim for compensatory damages under the NYHRL pursuant to Rule 12(c).  Def.'s Mem. at 15.  The basis for this aspect of Defendant's motion is that "Plaintiff fail[ed] to allege any pecuniary losses or emotional injuries resulting from Blueprint's alleged discriminatory conduct . . . . [T]he damages he does plead – that his LSAT score and scholarship offers suffered – are unduly speculative and indefinite."  *Id.*  (citation omitted).   In his opposition to the motion to dismiss, Plaintiff briefly requests leave to amend his complaint to "provide further insight into the specific emotional distress damages he suffered as a result of the discrimination on behalf of the Defendant."  Pl.'s Opp'n at 8-9.  Plaintiff attached a proposed Amended Complaint to his opposition.  *See generally* Proposed FAC.  Defendant submits that the proposed amendments consist of "additional recitations with respect to his claim for compensatory damages" which do not revive his moot claims."  Def.'s Reply at 8-9.

As an initial matter, Plaintiff has not made a formal motion for leave to amend his complaint.  Although the defective procedural manner in which Plaintiff has requested leave to amend constitutes sufficient grounds for the Court to deny such relief, the Court will nevertheless address the issue.  *See Kamanou v. Exec. Sec'y of Comm'n of Econ. Cmty. of W. African States*, No. 10 Civ. 7286, 2012 WL 868700, at *3 n.4 (S.D.N.Y. Mar. 14, 2012) ("[B]ecause plaintiff has not made any formal motion for leave to amend her complaint, the Court need not address the informal request made in her Memorandum in Opposition."); *see also In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006) ("It is within the [district] court's discretion to deny leave to amend implicitly by not addressing the request [for

leave to amend] when leave is requested informally in a brief filed in opposition to a motion to dismiss.").

A motion to amend is generally governed by Rule 15(a) which provides that in cases where a party cannot amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  *See* Fed. R. Civ. P. 15(a); *DaCosta v. City of New York*, No. 15-CV-5174, 2017 WL 5176409, at *8 (E.D.N.Y. Nov. 8, 2017), *reconsideration denied sub nom. DaCosta v. Tranchina*, 285 F. Supp. 3d 566 (E.D.N.Y. 2018). Whether to grant leave to amend is a decision squarely within the district court's discretion. *Krupski v. Costa Crociere S. p. A.*, 130 S.Ct. 2485, 2489 (2010) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)) (Rule 15(a) "gives a district court discretion to decide whether to grant a motion to amend a pleading before trial.").  A court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a); *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (quoting Fed. R. Civ. P. 15(a)).  "Amendments are generally favored because they tend to facilitate a proper decision on the merits." *Johnson v. Landmark Hosp. LLC*, No. 14CV6839, 2016 WL 843286, at *2 (E.D.N.Y. Mar. 1, 2016) (citing *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998)); *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 302 (E.D.N.Y. 2013) (citing *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998)).

This liberal standard requires only that the movant provide "colorable grounds" for the relief sought.  *See UMG Recordings, Inc. v. Lindor*, No. CV-05-1095, 2006 WL 3335048, at *2 (E.D.N.Y. Nov. 9, 2006); *Alkhatib v. New York Motor Group, LLC*, No. CV 13-2337, 2015 WL 3507340, at *7 (E.D.N.Y. June 3, 2015) ("If the movant has at least colorable grounds for relief, justice . . . requires that the court grant leave to amend the complaint.") (quoting *Sokolski*, 178

F.R.D. at 396); *Fiske v. Church of St. Mary of the Angels*, 802 F. Supp. 872, 877 (W.D.N.Y. 1992).  It is the opposing party who bears the burden to establish that an amendment would indeed be futile.  *See Balk*, 2013 WL 6990767, at *5; *Alkhatib*, 2015 WL 3507340, at *7; *Blaskiewicz v. Cty. Of Suffolk*, 29 F. Supp. 2d 134, 137-38 (E.D.N.Y. 1998) (citing *Harrison v. NBD Inc.*, 990 F. Supp. 179, 185 (E.D.N.Y. 1988)).

In addition to minor stylistic changes, Plaintiff's proposed changes to the pleading primarily consist of three new allegations pertaining to a claim for emotional distress damages. *See* Proposed FAC ¶¶ 3, 22-23.  Specifically, Plaintiff now claims he suffered emotional distress, frustration, anger, embarrassment, sadness, and lower self-esteem due to Defendant's actions. *Id.* ¶ 3.  As Defendant correctly notes, these proposed amendments are futile because subject matter jurisdiction would still be lacking.  *See* Def.'s Reply at 8-9; *Strachan v. Schweiger*, No. 10-CV-4527, 2011 WL 4056115, at *3 (E.D.N.Y. Sept. 12, 2011).  Plaintiff's proposed amendments pertain only to a claim for emotional damages under the NYHRL because the ADA provides solely for injunctive relief.  Plaintiff's invocation of the Court's jurisdiction is based on his ADA claim under 28 U.S.C. § 1331, which is now moot -- thus depriving the Court of supplemental jurisdiction over Plaintiff's NYHRL claims.  The proposed amendments are therefore futile because they do not cure the jurisdictional defects at issue here.  Therefore, this Court respectfully recommends to Judge Feuerstein that Plaintiff's request for leave to amend the Complaint be DENIED.

**V.    CONCLUSION**

For the foregoing reasons, the Court respectfully recommends to Judge Feuerstein that (1) Defendant's motion to dismiss be GRANTED and (2) Plaintiff's request for leave to amend the Complaint be DENIED.

## VI.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the entry of this Report and Recommendation to file written objections.  *See* FED. R. CIV. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Sandra J. Feuerstein.  Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections**.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
　　　August 24, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge