UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
RUSSELL KANE,

               Plaintiff,

        - against-

BLUEPRINT TEST PREPARATION, LLC,

               Defendant.
--------------------------------------------------------------------X

**ORDER**
19-CV-3024 (SJF)(AKT)

**FILED
CLERK**

3:45 pm, Oct 26, 2020

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

      Plaintiff Russell Kane ("Kane" or "Plaintiff") commenced this action against Defendant Blueprint Test Preparation, LLC ("Blueprint" or "Defendant") asserting violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 *et seq.*   Defendant has moved to dismiss the injunctive claims in the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, and has moved for judgment on the pleadings pursuant to Rule 12(c) as to the remaining claims.   *See* Motion, Docket Entry ("DE") [18]. Pending before the Court are Plaintiff's objections to the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated August 24, 2020 (the "Report"), *see* DE [24], recommending, *inter alia,* that (1) the motion to dismiss be granted, and (2) Plaintiff's request for leave to amend be denied as futile.   For the reasons set forth below, Magistrate Judge Tomlinson's Report is adopted in its entirety.

## I.  STANDARD OF REVIEW

      Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof.   28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2).   Any portion of such a report and recommendation to which a

timely objection has been made is reviewed *de novo.*   28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).   The Court is not required, however, to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.   *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2 435 (1985).   In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted); *see also Thomas v. City of New York,* Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("[o]bjections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review."); *Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) ("[W]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error. . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." (internal quotation marks and citation omitted; alterations in original)), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. 2014).   Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13.

## II.   OBJECTIONS

Plaintiff objects to the Report, *see* Plaintiff's Objections to Report ("Pl. Obj."), DE [25], arguing, *inter alia,* that Magistrate Judge Tomlinson erred in (1) recommending that his ADA

2

injunctive relief claims are moot because (a) Defendant failed to "meet its 'heavy burden' of establishing mootness where it voluntarily ceased the challenged practice; *id.* at 2, (b) conduct subsequent to the issuance of the Report "undeniably shows that Defendant still did not make the changes to its policies, procedures, or practices necessary to make sure the conduct alleged in the complaint did not happen again, because it did happen again," *id.* at 4, and (c) the challenged acts fall within the "'capable of repetition, yet evading review' exception," *id.* at 5; (2) recommending dismissal of his claim for declaratory relief because (a) "Plaintiff is still subject to Defendant's challenged actions," *id.* at 6, and (b) even if the injunctive claims are moot, a declaratory judgment would be useful where Defendant's actions "would be repeated again," *id.*; (3) recommending that the Court decline to exercise supplemental jurisdiction over Plaintiff's NYRHL claims because, Plaintiff argues, the ADA claims are not moot, *id.* at 6-7; and (4) recommending that Plaintiff be denied leave to amend because Plaintiff has "presented evidence . . . that Defendant's discrimination is still ongoing and that his ADA claims are not moot." *Id.* at 7.   Defendant has responded to Plaintiff's objections. *See* Defendant's Opposition to Plaintiff's Objections ("Defs. Resp."), DE [26].

The central thread running throughout Plaintiff's objections is his contention that the Report erred in finding that his ADA claim for injunctive relief is moot.   Magistrate Judge Tomlinson recommended dismissal on this basis in light of the evidence of proactive, corrective measures taken by Defendants including its contracting with a company to provide closed captioning for various course offerings, its revisions to its Employee Handbook "to include four types of accommodations which can be offered to students with disabilities," the development of training materials to educate employees, and the designation of a point person "to assist qualified

students in obtaining accommodations."   Report at 17.   Two days after the Report was issued,

Plaintiff contacted Blueprint by email and, based on exchanges with the company over the next

two days, now contends that Blueprint has not changed its practices as it represented to Magistrate

Judge Tomlinson.   Upon review of those exchanges, which were provided by Plaintiff, *see* Pl.

Obj., Ex. A, the Court disagrees.

       Kane engaged in several preliminary exchanges with a Blueprint representative regarding

the programs offered by the company.   At one point, the representative indicated that the Live

Online class doesn't have captioning.   When Kane asked for information regarding the

availability of ASL interpreters, the representative immediately offered to connect Kane with the

Blueprint's operations director to "speak to you about what accommodations we can offer."   Pl.

Obj., Ex. A.   Within hours, Rebeccah Burgin, Blueprint's Director of Operations[1] responded to

Kane's inquiry, advising him, *inter alia,* that "[f]or our Live Online classes, we can offer live

captioning.   When we offered in-person classes, we could provide ASL interpreters in class (of

course, live classes are on hold right now).   As [the representative] mentioned, our Online

Anytime is pre-built with captions." *Id.*   Consistent with the representations made to the

Magistrate Judge, Kane's inquiries were passed along to the Director of Operations to coordinate

requests for accommodations.   Burgin's response offered such accommodations, including the

offer of live captioning for the Live Online classes, which, as the representative indicated initially,

does not typically have captioning.   Accordingly, his objection to the Report based on this email

exchange is overruled.

_____

[1] Ms. Burgin is purportedly the new Director of Operations, having replaced Lauren March, the individual
who held the position at the time the motion was briefed.  *See* Defs. Resp. at 5.

This Court has conducted a *de novo* review of the Report and considered the full record, including Plaintiff's remaining objections and Defendant's responses thereto.   Upon completion of that review, Plaintiff's objections are overruled and the Report is adopted.

**IV.   CONCLUSION**

For the foregoing reasons, the Report is adopted in its entirety.   Defendant's motion to dismiss, DE [18], is granted, and the Clerk of the Court is directed to close the case. .

**SO ORDERED**.

/s/ *Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
        October 26, 2020

5